IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RACHEL KANNADAY, | ) |
| | ) |
| Plaintiff-Garnishor, | ) |
| | ) |
| v. | )   Case No.  09-2255-JWL |
| | ) |
| CHARLES BALL, Special Administrator | ) |
| of the Estate of Stephanie Hoyt, deceased, | ) |
| | ) |
| Defendant, | ) |
| v. | ) |
| | ) |
| GEICO INDEMNITY INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant-Garnishee. | ) |

## ORDER

This case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on defendant-garnishee's motion **(doc. 38)** for reconsideration of the Amended Scheduling Order issued on August 26, 2009.  The motion is denied.

First, the motion for reconsideration is untimely.  D. Kan. Rule 7.3(b) directs that "[m]otions seeking reconsideration of non-dispositive orders shall be filed within ten days after the filing of the order."  Defendant-garnishee's motion was filed fifteen days after the filing of the Amended Scheduling Order.

Second, the court would deny the motion for reconsideration even if it had been timely filed.  "Motions seeking reconsideration of non-dispositive orders . . . shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need

to correct clear error or prevent manifest injustice."[1]  Defendant-garnishee does not base its motion on any of these three grounds.  Rather, the motion complains that the court did not await a response before granting plaintiff-garnishor's motion to amend the scheduling order, which was premised on the fact that a motion to compel defendant-garnishee to respond to discovery is currently pending before the court.  Defendant-garnishee devotes the majority of its ink in the instant motion making substantive arguments about the motion to compel.  Regardless of how the court rules on plaintiff-garnishor's motion to compel defendant-garnishee to respond to discovery, good cause existed to extend the deadline for plaintiff-garnishor's designation of experts until after the ruling.

Finally, it appears that defendant-garnishee's only complaint about the Amended Scheduling Order is that two-weeks is not enough time for defendant-garnishee to designate its rebuttal experts.  However, defendant-garnishee acknowledges that "the case at bar is not one which lends itself to expert testimony."[2]  Thus, this "problem" may not come to fruition.  Should defendant-garnishee *actually* find itself in need of additional time to designate its rebuttal experts, it may seek an extension of the deadline at that point.

IT IS SO ORDERED.

Dated this 11th day of September, 2009, at Kansas City, Kansas.

---

[1] D. Kan. Rule 7.3(b).

[2] Doc. 39 at 7.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge