IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RACHEL KANNADAY,

Plaintiff-Garnishor,

v.

CHARLES BALL, Special Administrator of the Estate of Stephanie Hoyt, deceased,

Defendant,

v.

GEICO INDEMNITY INSURANCE COMPANY,

Garnishee.

Case No. 09-2255-JWL

**ORDER**

The plaintiff-garnishor, Rachel Kannaday, brought this garnishment action against the garnishee, Geico Indemnity Insurance Company, after obtaining a judgment against the estate of Stephanie Hoyt (deceased). Kannaday was injured in a car accident that occurred while Hoyt was driving, and Hoyt was insured by Geico. Currently before the court are cross-motions to compel discovery by Kannaday and Geico (**docs. 21 & 27**). For the reasons stated below, the parties' motions are granted in part and denied in part.

## I. Kannaday's Motion to Compel (doc. 21)

On May 13 and 15, 2009, Kannaday served Geico with separate sets of requests for production of documents. Kannaday's first and second requests for production both sought Geico's files for claims against the insured, Hoyt. Additionally, Request No. 2 of plaintiff's

first request for production, and Request No. 3 of plaintiff's second request for production, sought Geico's claims manual.

Although Kannaday contends Geico has not responded to any of these requests, Geico counters that the claim files were disclosed in its Fed. R. Civ. P. 26(a) disclosures on July 6, 2009. Kannaday has not challenged Geico's statement that the claim files have been produced as part of the Rule 26 disclosure process—Kannaday only states that Geico has served no written response to the Rule 34 requests. In any event, since it appears Geico has in fact produced the requested claim files,[1] to that extent the motion to compel is denied as moot.

In further response to Kannaday's motion to compel, Geico states it has not produced its claims manual pending the approval of a protective order. The record reflects that Geico sought a protective order for *all* of its "confidential business documents" on August 18, 2009, but that motion was denied by the court for lack of a showing of good cause.[2] Geico was given leave to re-file its motion for a protective order by August 26, 2009, but no such motion was filed. Because Geico has failed to show that a protective order is warranted,

[1]Exhibit 2 to doc. 26.

[2]Doc. 34.

Kannaday's motion to compel production of Geico's claims manual is granted.[3] Geico shall produce the manual by **September 22, 2009**.

## II. Geico's Motion to Compel (doc. 27)

Geico served its first interrogatories and document requests on July 22, 2009.[4] Kannaday objected on various grounds to Interrogatory Nos. 3-5 and Request Nos. 12 and 14. Each of these discovery requests is discussed below.

Interrogatory No. 3 and Request No. 12

Geico's Interrogatory No. 3 and Request No. 12 both seek information on any liens relating to the Hoyt automobile accident received or known about by Kannaday. Kannaday opposes Geico's motion to compel on the grounds the motion is premature, that Geico has failed to confer in good faith, and that the evidence sought is not relevant. As a preliminary matter, Kannaday's claim that Geico's motion to compel is premature is plainly incorrect. D. Kan. 37.1(b) states that any motion to compel must be filed and served within 30 days of service of objections. Kannaday served her objections on July 30, 2009, only eight days after the subject discovery requests were served.[5] Geico's motion to compel is timely because it

[3] Geico's response makes mention of a letter sent to Kannaday's attorney that argued that Kannaday's discovery requests were premature under Fed. R. Civ. P. 26(d)(1). But Geico does not argue in its response that Kannaday's motion to compel should be denied because the discovery was prematurely made. Further, discovery in this matter does not close until November 9, 2009. Thus, in the interest of judicial economy, Kannaday's discovery request will be allowed to stand.

[4] Ex. 1 and 2 to doc. 28.

[5] Ex. B to doc. 31.

was filed on August 12, 2009—within 30 days of Kannaday's objections.[6] The fact that the issues became ripe for the court to resolve about ten days before Kannaday's thirty-day period expired for Kannaday to serve her objections does *not* make Geico's motion premature.

Kannaday also asks that Geico's motion to compel be denied because Geico failed to adequately confer before filing the motion. Of course, before filing any motion to compel, a party must in good faith confer or attempt to confer with the opposing party.[7] This means that parties must "in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[8]

After Kannaday objected to the discovery requests regarding liens, Geico's attorney sent Kannaday's attorney a letter stating, "Whether or not you deem this relevant, I plan to utilize the lien information in arguments to the Court. Hence, I will need that information." Kannaday's attorney countered by again challenging the relevance of the information sought. Geico responded with another letter offering a slightly more detailed explanation but then filed its motion to compel the next day without waiting for a reply from Kannaday's attorney.[9] While it is far from clear whether the letters sent by Geico and the timing of its motion to compel comply with the spirit of the meet-and-confer rule, the court will exercise

---

[6]Doc. 27.

[7]Fed. R. Civ. P. 37(a)(1) and D. Kan Rule 37.2.

[8]D. Kan. Rule 37.2.

[9]Ex. 3, 4, and 5 to doc. 28; doc. 27.

its discretion and address the merits of the motion.[10] The court reminds the parties to *strictly* adhere to their duties under Rule 37 from this point forward.

Relevancy is broadly construed for purposes of pretrial discovery; a request generally will be allowed unless it is clear that the information sought has no bearing on the claim or defense of a party.[11] If a discovery request appears relevant on its face, the party opposing discovery has the burden of showing that the request falls outside the scope of Fed. R. Civ. P. 26(b)(1). But if the relevancy of the discovery request is not readily apparent, the burden of showing its relevancy is on the party requesting the discovery.[12]

As earlier indicated, this is a garnishment action; Kannaday is seeking to satisfy her judgment against Hoyt's estate by garnishing the money owed by Geico, Hoyt's insurer. Information regarding liens "relating to the Hoyt automobile accident" has no obviously apparent bearing on Kannaday's right to satisfy her judgment by garnishing the money owed by Geico.

Because the relevancy of Interrogatory No. 3 and Request No. 12 is not readily apparent, the burden falls to Geico to establish why these discovery requests are relevant. But Geico has done very little in the way of meeting this burden. Geico's motion to compel

---

[10] *See White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319, 2009 WL 722056, at *2 (D. Kan. March 18, 2009) (waiving non-compliance with duty to confer to avoid further delay of resolution of the matter); *Strasburg-Jarvis, Inc. v. Radiant Sys., Inc.*, No. 06-2552, 2009 WL 129361, at *2 (D. Kan. Jan. 20, 2009) (electing to address the merits of discovery dispute despite failure to confer).

[11] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

[12] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003).

makes no argument as to why the information is relevant other than to refer to the letter sent to Kannaday's attorney the day before Geico filed its motion to compel. The relevant portion of that letter states:

> The duty owed by GEICO to its insured is certainly related to the claim of the plaintiff, especially in the case where there are multiple claimants. Whether a particular claimant receives $12,500 or $25,000 is of marginal importance if that claimant has a lien of $194,000. Note that I intend to argue that you had notice of the lien prior to any negotiations with GEICO; I will have difficulty doing so if you do not provide the earliest lien notice and the information.[13]

This does not adequately explain the relevance of the discovery request at issue here. Kannaday's response to Geico's motion to compel argues that any liens on her claim against Hoyt has no bearing on the issue in this case—whether Geico has acted in good faith in dealing with Hoyt's estate.[14] Geico has not filed a reply and has thus not challenged this argument. Because Geico has neither established the relevancy of its request nor otherwise countered the objections of Kannaday, Geico's motion to compel with regard to Interrogatory No. 3 and Request No. 12 is denied.

Interrogatory No. 4

Interrogatory No. 4 asks Kannaday to identify persons with information concerning the facts supporting Kannaday's cause of action and a summary of the information they have. Although Kannaday initially objected on the grounds that the request was overly broad and

---

[13]Ex. 5 to doc. 28.

[14]Doc. 31 at 2-3.

ambiguous, Geico clarified in a letter that it was only interested in knowing the identity of witnesses with information about the facts of the case. In response to Geico's motion to compel, Kannaday stated that she "has no objection to identifying witnesses to the events that pertain to this bad faith claim and plaintiff has done so in the answer to Interrogatory No. 4."[15] Geico has not replied. Because Geico clarified that it was only seeking witnesses with information about the facts of the case, and because Kannaday has subsequently identified those witnesses, Geico's motion to compel with regard to Interrogatory No. 4 is denied as moot.

Interrogatory No. 5

Geico is also seeking to compel a response to Interrogatory No. 5, which seeks all correspondence about the case exchanged between Kannaday's attorney and any other persons. In her response to Geico's motion, Kannaday has indicated that she "has produced all correspondence with any third person with regard to the accident and claim" with the exception of cover letters sent to the Wyandotte County court and correspondence between Kannaday and her attorney.[16] Geico has not replied. Because Kannaday has indicated that she has responded, Geico's motion to compel a response to Interrogatory No. 5 is denied as moot.

Request No. 14

[15]Doc. 31 at 3-4.

[16]Doc. 31 at 4.

Request No. 14 seeks all documents received from any potential expert witnesses. When Kannaday objected on the grounds that the documents requested were beyond the scope of Fed. R. Civ. P. 26, Geico clarified that it was only seeking reports for the experts expected to be called at trial as required by Fed. R. Civ. P. 26(a)(2)(B). Kannaday concedes that Geico is entitled to such reports. To the extent Geico is only requesting expert witness reports as required by Fed. R. Civ. P. 26(a)(2)(B), its motion to compel with regard to Request No. 14 is granted. Kannaday shall provide its reports in the time allotted under Fed. R. Civ. P. 26(a)(2)(C), i.e., by **October 16, 2009**, as required by the amended scheduling order filed on August 26, 2009.[17]

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Kannaday's motion to compel (doc. 21) is granted to the extent she seeks a response to Request No. 2 of her first request for production and Request No. 3 of her second request for production (i.e., the claims manual). Geico shall produce the claims manual by **September 22, 2009**.

2. Kannaday's motion is denied as moot to the extent it seeks to compel discovery of Geico's claim files.

3. Geico's motion to compel (doc. 27) is granted with regard to Request No. 14 of its first request for production, i.e., to the extent Geico seeks an order compelling

[17]Doc. 37 at 2.

Kannaday to provide the expert witness information required by Fed. R. Civ. P. 26(a)(2)(B). Kannaday shall provide these reports by **October 16, 2009**.

4. Geico's motion is denied to the extent it seeks to compel a response to Interrogatory Nos. 3-5 of its first set of interrogatories and Request No. 12 of its first request for production.

Dated this 15th day of September, 2009, at Kansas City Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge