IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RACHEL KANNADAY, | ) |
| Plaintiff-Garnishor, | ) |
| v. | ) Case No. 09-2255-JWL |
| CHARLES BALL, Special Administrator of the Estate of Stephanie Hoyt, deceased, | ) |
| Defendant, | ) |
| v. | ) |
| GEICO INDEMNITY INSURANCE COMPANY, | ) |
| Garnishee. | ) |

## ORDER

The plaintiff-garnishor, Rachel Kannaday, has filed a motion for an order ruling that her lawyer (Paul Hasty, Jr.) may communicate directly with Charles Ball **(doc. 89)**. Mr. Ball is an attorney serving as the special administrator of the Estate of Stephanie Hoyt, Deceased; he is a defendant in the Kansas state tort case that underlies the instant garnishment action. Plaintiff's motion is opposed by the garnishee, GEICO Indemnity Insurance Company. Given the sparse record presented, the undersigned U.S. Magistrate Judge, James P. O'Hara, respectfully declines to issue a declaratory ruling, whether in favor of plaintiff or GEICO.

Fed. R. Civ. P. 7(b) requires that a request for a court order be made by a motion that "state[s] with particularity the grounds for seeking the order." Similarly, D. Kan. R. 7.6(a)(4) states that memoranda filed in support of motions "shall contain" an argument

section that "shall refer to all statutes, rules, and authorities relied upon."

Plaintiff's motion does not comply with Fed. R. Civ. P. 7(b) and D. Kan. R. 7.6(a)(4). Plaintiff's five-page motion and seven-page reply brief, after quoting a part of Rule 4.2 of the Kansas Rules of Professional Conduct, proceeds to discuss – at length and in detail – plaintiff's positions on the ultimate merits of this case and the underlying tort litigation. GEICO, which has filed a six-page responsive brief (plus 37 pages of attachments), similarly talks much more about the history of this case and related litigation than about how Rule 4.2 applies to the instant motion.

The parties agree Rule 4.2 prohibits a lawyer from communicating with a person that the lawyer knows is represented by another lawyer "in the matter." The parties further agree Mr. Ball is "not a party in this case"[1] and is unrepresented by counsel in this case. Beyond these unremarkable points of consensus, the court has not been favored by plaintiff or GEICO with citation to *any* caselaw or other authority addressing whether Rule 4.2's use of the term "in the matter" refers solely to the "case" (here, the instant garnishment action), or whether it also refers to issues that might arise in the case (here, whether there was collusion in the underlying tort action).

The court is not trying to dodge its responsibilities. The court's experience is that it's the rare case where counsel cite all the law necessary to rule a motion, and thus, despite our

---

[1]Actually, since the removal of these garnishment proceedings to federal court, the caption on the pleadings filed by both plaintiff and GEICO indicate that Mr. Ball is a named defendant. It's not clear whether that was their intent or whether Mr. Ball ever was served with process in these proceedings.

adversary system of advocacy, every motion requires some independent legal research. There's more than $7.2 million at stake in this case (*see* doc. 91, at p. 28), presumably justifying a modicum of legal research. The state of the record is such that the court is inclined to infer that the parties' highly skilled lawyers either did no legal research or that their research unearthed no authority to support their competing positions. As a practical matter, neither inference suggests the court should step into the breach and make a definitive ruling on a significant issue of professional ethics.[2]

To be clear, given the inadequate nature of GEICO's responsive brief, the court is *not* saying today that Mr. Hasty is absolutely barred from contacting Mr. Ball directly. By the same token, today's ruling should not be interpreted as suggesting that, if Mr. Hasty goes ahead and contacts Mr. Ball over GEICO's objection, Mr. Hasty will be immune from the ire of members of this court, the judges in the underlying state court tort case, or the Kansas Attorney Disciplinary Administrator. The court is simply declining to decide this matter given the flimsy state of the record.

For the foregoing reasons, plaintiff's motion is denied.

---

[2] The lack of legal authority being cited by the parties often can be cured by the court in a simple case. This is not a simple case. Plaintiff and GEICO each professed great confidence during the final pretrial conference that this case would be resolved in their favor via summary judgment. But at a minimum, the facts of this case are convoluted and many are hotly contested. To put this in context, the court notes plaintiff has filed an 81-page summary judgment brief with over 350 pages of attachments (doc. 82) and, from what the court can discern, Mr. Ball was right in the middle of things in the underlying state court litigation. Given this factual complexity, compounded by the legal vacuum created by the parties, the court is extremely reluctant – and ultimately unwilling – to give what at most might be construed as an advisory ethical opinion.

IT IS SO ORDERED.

Dated this 25th day of February, 2010, at Kansas City, Kansas.

> s/ James P. O'Hara
> James P. O'Hara
> U.S. Magistrate Judge